WELLMAN v. BETHEA, Clerk of Court.

(Circuit Court of Appeals, Fourth Circuit. December 21, 1915.)

No. 1383.

JUDGMENT ⬅➡90—OPENING OR VACATING—GROUNDS—MISTAKE OF LAW.

An administrator, sued for the wrongful death of a person killed by his intestate, failed to set up the plea of plene administravit, the failure to plead which, under the laws of South Carolina, makes the administrator personally liable. The total assets collected by him amounted to about $2,200, and he produced a statement of his receipts and disbursements, showing a balance of $380.40, and offered to allow judgment for that amount. Plaintiff rejected this offer, and after some further negotiations a consent verdict for $4,000 and a judgment for that amount were entered. Plaintiff refused to accept judgment for the small balance reported, because of a belief that a proper accounting would show a much greater sum applicable to the payment of her claim; but neither party had in mind the consequences which might follow from the failure to set up a formal plea of plene administravit. *Held* that, as the minds of the opposing counsel did not meet as to the effect of the consent judgment, the rule that equity will not grant relief against a pure mistake of law

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

did not apply, and equity would set aside the verdict and judgment, in order that the administrator might set up such plea.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 148, 149; Dec. Dig. ⊂⊃90.]

Appeal from the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry G. Connor, Judge.

Suit by John C. Bethea, Clerk of Court, as administrator of John H. Bethea, deceased, against Sarah S. Wellman, in her own right and as widow of Ora E. Wellman, deceased. Decree for complainant, and defendant appeals. Affirmed.

William Ewin Bonn, of Baltimore, Md. (Mitchell & Smith, of Charleston, S. C., and Carrington & Carrington, of Baltimore, Md., on the brief), for appellant.

W. H. Muller, of Dillon, S. C., and Henry E. Davis, of Florence, S. C. (Gibson & Muller, of Dillon, S. C., and Willcox & Willcox, of Florence, S. C., on the brief), for appellee.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

KNAPP, Circuit Judge. In March, 1910, the appellant's husband was shot and killed by one John H. Bethea on a railroad train in the state of Delaware. About a year later, John H. Bethea having died in the meantime and her cause of action surviving under the laws of Delaware, Mrs. Wellman brought suit against the administrator of his estate, the appellee herein, to recover damages in the sum of $25,000 for the death of her husband. The administrator filed a demurrer, which seems to have been abandoned, and also made answer to the complaint. When the case came on for trial a motion to strike out certain allegations of the answer was made in open court and granted. This left the cause without any substantial defense pleaded, and apparently there was no defense on the merits. Some negotiations between counsel thereupon took place, which resulted in a consent verdict for $4,000, on which judgment was entered against the administrator. Failing to collect this judgment by execution or otherwise, Mrs. Wellman brought a second suit to enforce it against the administrator personally, on the ground (1) that he had dissipated the assets of the estate, and particularly in that he had suffered another judgment to be taken without proper defense, and had paid the same, while the suit of Mrs. Wellman was pending, and (2) that he had not set up the plea of plene administravit in the original action.

It appears that under the laws of South Carolina an administrator becomes personally liable if he fails to interpose this plea when he is sued. In this second suit the administrator set up the plea which he had neglected to interpose in the first action. A motion was thereupon made by the plaintiff to strike out this plea, and that motion is still pending. The administrator also moved in the original suit to open the judgment and for leave to file in that suit the plea mentioned. This motion was denied for want of power to grant it, as we understand, because the term of court at which the judgment was entered had expired. Shortly afterwards this bill in equity was filed

to set aside the judgment entered upon the consent verdict, and to permit complainant to answer over in the cause in which that judgment was rendered, and especially to set up therein the defense of plene administravit and such other defenses as he might be advised. The trial court sustained the bill by a decree which granted the relief sought, and from that decree Mrs. Wellman has appealed to this court.

It is earnestly contended in her behalf that the predicament in which the appellee found himself resulted solely from a mistake of law, namely, the failure to interpose the defense of plene administravit, and that on well-settled principles a court of equity will not grant relief from such a mistake. This argument is based generally upon the evidence given at the trial, and also upon the finding of the learned District Judge to the effect that there was no mutual mistake, nor "any element of fraud, misrepresentation, or suppression of facts by defendant or her counsel." The answer to the contention brings in review certain incidents that occurred when the consent verdict was rendered. Apparently what happened was this: The appellee had in court a statement of his receipts and disbursements as administrator, which showed a balance then in his hands of only $380.40. He offered to allow judgment for that amount, but the offer was declined. Negotiations followed, as before stated, which resulted in the consent verdict and judgment. Counsel for Mrs. Wellman appear to have been surprised at the great shrinkage of the estate, as one of them states in his affidavit, and they evidently then had in mind holding the administrator personally liable, not because there was no plea of plene administravit in his answer, but because he had mismanaged the estate and dissipated its assets. They refused to accept judgment for the small balance which he reported, and insisted upon the larger judgment obtained by consent, apparently on the theory that a proper accounting would show a much greater sum applicable to the payment of Mrs. Wellman's claim.

As we see the matter, the only reasonable inference is that the consent verdict was allowed by the administrator and agreed to by counsel for Mrs. Wellman without either of them understanding at the time that defendant would be personally liable, except for such sum as he might have on hand or be chargeable with upon a proper accounting. And so the learned District Judge says, "I cannot think that, in consenting to the amount of the judgment, either party understood or contemplated that result," meaning the result of making the administrator personally liable for the full amount of the judgment without reference to the assets which were or ought to be in his hands. This seems to us the crux of the case. Strictly speaking, as the court below found, there was no mutual mistake, or fraud, or misrepresentation; but it does not follow, and we are not convinced, that appellee's situation resulted wholly from a mistake of law. All the circumstances must be taken into account, and it is quite evident that neither party had in mind the consequences which might follow, under South Carolina law, from failure to set up the formal plea of plene administravit. In other words, the record shows that the minds of opposing counsel did not meet as to the effect of the judgment to which

they both consented. We think this sufficient to take the case out of the general rule that equity will not grant relief from a pure mistake of law, and therefore sufficient to justify equitable interference.

This view is supported in our judgment by facts which are undisputed. The total assets which the administrator had collected were little more than $2,200, and there is no claim that the estate was of greater value. To hold the administrator personally liable for the entire judgment of $4,000 obtained by Mrs. Wellman would seem obviously unjust, and we think the court below was right in deciding that this judgment should be opened, and the administrator allowed to set up the defense which in the first instance he failed to interpose. So far as Mrs. Wellman's second action is based upon the negligence of the administrator in the management of the estate, or the improvident payment of another judgment which he might have prevented, the decree in no wise limits her opportunity to call the administrator to full account. As respects that basis of her action it may be that the administrator does not come into court with clean hands, but it does not appear to us that he has done anything in connection with the consent judgment which should bar him from equitable relief.

Affirmed.